This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SCOTT CHANDLER and COLETTE CHANDLER, husband and wife, d/b/a TIERRA BLANCA RANCH HIGH COUNTRY YOUTH PROGRAM,**

Plaintiffs,

v.                                                                 **NO. A-1-CA-35536**

**STEVE COWEN, RENE ROMO, and NEW MEXICO DEPARTMENT OF PUBLIC SAFETY, NEW MEXICO STATE POLICE AND ITS OFFICERS INCLUDING NEW MEXICO STATE POLICE OFFICERS JOHN DOES I AND II ON GOVERNOR'S SECURITY TEAM,**

Defendants,

and

**STEVE E. COWEN,**

Cross and Third Party Plaintiff-Appellant,

v.

**GAIL LYNN COWEN,**

Third Party Defendant-Appellee,

and

**SCOTT CHANDLER, COLETTE**

**CHANDLER, SHERRY ANDERSON,**
**CARING FOR YOUTH, CHERYL**
**MORGAN AND DOES 1 through 100,**

Counter and Third Party Defendants.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Henry R. Quintero, District Judge**

Steve E. Cowen
San Diego, CA

Pro Se Appellant

Law Office of Kevin C. Young
Kevin C. Young
San Diego, CA

Robert M. Fiser
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}    Appellant Steve Cowen asserts in his brief in chief that he is appealing from the district court's dismissal of his cross-claim against his ex-wife, Appellee Gail Cowen, for lack of personal jurisdiction.

**DISCUSSION**

{2}    Appellant filed a two-and-a-half page brief in chief containing no citation to

the 9-volume, 1701-page record. Because Appellant failed to comply with our Rules of Appellate Procedure, we dismiss this appeal pursuant to Rules 12-312(A), NMRA (providing that "[i]f an appellant fails to file . . . in the Court of Appeals, . . . a brief in chief as provided by these rules, such failure may be deemed sufficient grounds for dismissal of the appeal by the appellate court"), and 12-401(B)(4) NMRA ("An appeal or other proceeding may be dismissed by an appellate court for failure to comply with rules under Rule 12-312.").

**{3}** Rule 12-318(A) NMRA requires that the "brief in chief of the appellant, under appropriate headings and in the order herein indicated," to contain:

> (3) a summary of proceedings, briefly describing the nature of the case, the course of proceedings, and the disposition in the court below, and including a summary of the facts relevant to the issues presented for review. This summary shall contain citations to the record proper, transcript of proceedings, or exhibits supporting each factual representation, in accordance with the citation format found in the Appendix to Rule 23-112 NMRA. . . .;
>
> (4) an argument which, with respect to each issue presented, shall contain a statement of the applicable standard of review, the contentions of the appellant, and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on. Applicable New Mexico decisions shall be cited. The argument shall set forth a specific attack on any finding, or the finding shall be deemed conclusive.

Rule 12-318(A)(3),(4).

**{4}** Appellant's brief in chief totally fails to comply with the foregoing rule. First, while a page and a half of Appellant's two-and-a-half page brief in chief purports to be a summary of the case, as Appellee states in her answer brief, Appellant merely presents a "stream of consciousness" recital of allegations. Nowhere in his summary of the case does Appellant provide any citation to the voluminous record. In addition, the brief in chief completely fails to describe, as required by Rule 12-318(A)(3), "the course of proceedings, and the disposition in the court below," or to include "a summary of the facts relevant to the issues presented for review." *See Griffin v. Guadalupe Med. Ctr., Inc.*, 1997-NMCA-012, ¶ 6, 123 N.M. 60, 933 P.2d 859 ("This Court will not search the record to find facts, nor will we accept blanket statements of fact . . . unsupported by reference to evidence in the record." (citation omitted)). Moreover, Appellant provides no citation to the record to where or how the issue he attempts to argue was preserved in the district court. *See* Rule 12-318(A)(4).

**{5}** Because Appellant failed to file a brief in chief in accordance with our rules of appellate procedure, the appeal is dismissed.

**CONCLUSION**

**{6}** The order of the district court is affirmed.

**{7}** **IT IS SO ORDERED.**

                   _____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**J. MILES HANISEE, Judge**